# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRANDON SINCLAIR BRUCE,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-21-0022-I-2 |
| v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DATE: April 14, 2022 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Brandon Sinclair Bruce</u>, San Diego, California, pro se.

<u>Sara M. Klayton</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his constructive suspension appeal as moot. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2	The parties to this appeal neglected to submit many of the primary documents that would normally be found in an ably-prepared case file. In order to determine what transpired, we have relied largely on copies of the equal employment opportunity (EEO) and arbitration decisions that the parties submitted below. Nevertheless, the material facts do not appear to be in dispute.

¶3	On January 26, 2014, the appellant was appointed to the position of Regulatory Counsel in the agency's Center of Tobacco Products. *Bruce v. Department of Health & Human Services*, MSPB Docket No. DC-0752-21-0022-I-2 (RAF), Tab 8 at 93. His official duty station was at the agency's White Oak Campus in Silver Spring, Maryland. RAF, Tab 10 at 12, 246, 282. The appellant has various medical conditions. *Bruce v. Department of Health & Human Services*, MSPB Docket No. DC-0752-21-0022-I-1 (IAF), Tab 1 at 16. He requested accommodations prior to the date of his appointment and has been receiving some form of accommodation ever since. *Id*. at 75.

¶4	Over time, developments in the appellant's medical conditions required some changes in his accommodations, most notably for full time telework from his home in the Washington, D.C. area, beginning in June 2016. *Id*.; RAF, Tab 8 at 157. For health reasons, in or around August 2017, the appellant moved from the Washington, D.C. area to San Diego, California. RAF, Tab 8 at 133, Tab 12 at 32. The agency approved the appellant's request to telework full time from his new home in San Diego for a period of 6 months, beginning November 12, 2017. RAF, Tab 9 at 168. The agency informed the appellant that at the end of that period, on May 14, 2018, he would need to return to duty at the White Oak Campus. *Id*.

¶5    On April 25, 2018, the appellant contacted the agency and requested that his temporary arrangement of teleworking from San Diego be made permanent. IAF, Tab 1 at 36. On May 10, 2018, the agency denied the appellant's request and ordered him to return to duty at the White Oak Campus according to the terms of the telework agreement. *Id*. at 37. The appellant did not report for duty as directed but instead attempted to cover his absence with various forms of leave. *Id*. at 38-40. Nevertheless, the appellant's leave requests for May 22, 23, and 25, 2018, were denied, and he was carried in absence without leave (AWOL) status on those dates. *Id*. at 26, 39. Soon thereafter, the appellant exhausted his leave balance, and he began a lengthy period of AWOL, beginning June 5, 2018. *Id*. at 26, 39-40. On July 11, 2018, the agency proposed the appellant's removal based on charges of AWOL, failure to follow leave-requesting procedures, and failure to follow instructions. *Id*. at 17. The appellant was removed effective December 1, 2018. *Id*. at 42.

¶6    Meanwhile, the appellant elected to contest his removal through negotiated grievance procedures, and he filed multiple EEO complaints about various other matters, including the agency's denial of his request for accommodation through telework from San Diego. In July 2019, an Equal Employment Opportunity Commission (EEOC) administrative judge found that, in light of the permanent nature of the appellant's disability, the agency committed disability discrimination by granting his telework request on less than a 2-year basis. *Id*. at 27, 76. On March 5, 2020, an arbitrator, relying in part on the EEOC administrative judge's finding of discrimination, issued a partial opinion and award, mitigating the appellant's removal to a 5-day suspension.[2] *Id*. at 74-79.

¶7    On August 24, 2020, an EEOC administrative judge issued a prehearing decision on three of the appellant's other EEO complaints. IAF, Tab 1 at 24-72. Three of the claims encompassed in these complaints are directly relevant to the

---

[2] The second partial award, dated July 20, 2020, concerned additional status quo ante relief related specifically to the removal. IAF, Tab 1 at 80-82.

issues now before the Board. *Id*. at 24-27. Specifically, the appellant claimed that the agency discriminated against him by (1) denying his requests for leave for May 22, 23, and 25, 2018, and carrying him in AWOL status for those dates, (2) subjecting him to a "'de facto' indefinite suspension," when it placed him in a nonduty status without due process beginning on May 14, 2018, and (3) carrying him in AWOL status from June 5, 2018, forward. IAF, Tab 1 at 26-27; RAF, Tab 8 at 157, Tab 7 at 23, 38-40, Tab 10 at 10-12.

¶8       On the first issue, the EEOC administrative judge found that the appellant was properly considered AWOL on May 22, 23, and 25, 2018, and she granted summary judgment in favor of the agency. IAF, Tab 1 at 56-58. On the second issue, the EEOC administrative judge found that the appellant's indefinite suspension claim amounted to a mixed-case complaint not properly before her at that stage of the proceedings, and she remanded the claim to the agency to issue a new decision with Board appeal rights. *Id*. at 47-48. On the third issue, the EEOC administrative judge granted summary judgment in favor of the appellant, finding that the agency discriminated against him based on disability when it carried him in AWOL status beginning June 5, 2018. *Id*. at 68-71. After a hearing on some remaining claims, the EEOC administrative judge issued a bench decision, ordering among other things that the agency award the appellant pay and benefits for the period between May 21, 2018, and December 1, 2018, as well as $60,000 in compensatory damages due to the physical and emotional consequences of the agency's failure to accommodate him during that period.[3] RAF, Tab 5 at 60-73.

¶9       As for the indefinite suspension claim on remand to the agency, the agency identified the claim accepted for adjudication as whether it discriminated against

---

[3] The EEOC administrative judge explicitly excluded relief for May 22, 23, and 25, 2018, because she had already found that the appellant was properly considered AWOL on those dates. RAF, Tab 5 at 60. She also excluded relief for a period equivalent to the 5-day suspension to which the arbitrator had mitigated the removal. *Id*.

the appellant based on race, sex, or disability, or retaliated against him for protected activity when it "'unlawfully' forced him to serve a 'De Facto' indefinite suspension by classifying him in a Non-Duty status, without first providing him 'due process' or an explanation for the Agency's actions." IAF, Tab 1 at 9-10. On October 8, 2020, the agency issued a final decision finding no discrimination and notifying the appellant of Board appeal rights. *Id*. at 9-22. The appellant timely appealed that final agency decision to the Board and requested a hearing. *Id*. at 1-8; *see* 5 C.F.R. § 1201.154(b).

¶10 The administrative judge conducted a status conference, during which the appellant clarified "that he was appealing his placement on [AWOL] for an extended period of time, which he alleged was tantamount to a constructive suspension." RAF, Tab 6 at 1. The agency raised the issue of mootness, arguing that, in prior EEO and arbitration proceedings, the appellant had already obtained all the relief that he could receive if he prevailed in his Board appeal. *Id*. at 1-2. The administrative judge provided the parties notice of the mootness issue, of the appellant's jurisdictional burden in his constructive suspension claim, and of issues of res judicata and collateral estoppel that may be implicated by the prior related proceedings. *Id*. at 1-7. She ordered the appellant to file evidence and argument to show that the appeal is within the Board's jurisdiction. *Id*. at 7.

¶11 After the parties responded, the administrative judge issued an initial decision dismissing the appeal as moot. RAF, Tabs 7-14, Tab 16, Initial Decision (ID). She found that the agency returned the appellant to the status quo ante with respect to all of the AWOL dates at issue. ID at 6. She further found that the agency had restored all of the leave that the appellant had expended in order to avoid AWOL after May 21, 2018, and that the Board lacks the authority to restore leave used prior to that date. ID at 7-8. The administrative judge also found that the Board lacks the authority to grant relief for the tax liability that the appellant incurred because of the back pay awards, to order compensatory damages in addition to those ordered by the EEOC, to grant any injunctive or

forward-looking relief, or to adjudicate the appellant's due process claim absent an otherwise appealable action. ID at 8-11.

¶12    The appellant has filed a petition for review, contesting some procedural matters and arguing that the Board should allow an exception to the mootness doctrine due to the agency's ongoing acts of discrimination. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## ANALYSIS

¶13    Mootness can arise at any stage of litigation, and an appeal will be dismissed as moot where the appellant has obtained all of the relief he could have obtained had he prevailed before the Board, or where there is no further relief the Board can grant. *Uhlig v. Department of Justice*, 83 M.S.P.R. 29, ¶ 7 (1999). In order to render an appeal moot, an agency must prove that it completely rescinded its action, thereby returning the appellant to the status quo ante and not leaving him in a worse position because of the rescission than he would have been in if the matter had been adjudicated. *Fernandez v. Department of Justice*, 105 M.S.P.R. 443, ¶ 5 (2007).

¶14    This appeal concerns an alleged constructive suspension allegedly beginning on May 14, 2018, which preceded the appellant's removal.[4]  IAF, Tab 1 at 9-23; RAF, Tab 6 at 1-2, Tab 7 at 4. However, before determining whether the appellant's constructive suspension claim is moot, we must first determine the dates that his claim encompasses. In the EEO proceedings, the agency construed the appellant's claim as encompassing only the periods during

---

[4] The Board has jurisdiction to review an arbitrator's final decision under 5 U.S.C. § 7121(d) when the subject matter of the grievance is one over which the Board has jurisdiction and the appellant alleged EEO discrimination in connection with the underlying action. *Brookens v. Department of Labor*, 120 M.S.P.R. 678, ¶ 4 (2014). The appellant here has not sought additional relief for his removal in the context of the instant appeal. Nor has he expressed dissatisfaction with the decision of the arbitrator. Therefore, we have not interpreted his pleadings below or on review as requesting review of the arbitration decision under 5 U.S.C. § 7121(d).

which the agency had previously carried him in AWOL status. IAF, Tab 1 at 10 n.2. In so doing, the agency disregarded the explicit language of the accepted claim, i.e., that the agency had constructively suspended the appellant "by classifying him in a Non-Duty status." *Id*. at 10, 27. The agency explained that "[w]hile the claim is framed as non-duty status, the proper characterization per the proposed removal is [AWOL]. As such, all subsequent references in this final agency decision will be to non-duty status, specifically, AWOL." *Id*. at 10 n.2. We are not satisfied with this explanation.

¶15    A "suspension" is the temporary placement of an employee in a nonpay, nonduty status. *Engler v. Department of the Army*, 121 M.S.P.R. 547, ¶ 6 (2014). It is well settled that a constructive suspension may encompass not only unpaid absences but periods of paid leave that an employee was forced to take due to an improper agency action. *E.g.*, *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 14 (2013); *Kaminsky v. Department of Health & Human Services*, 13 M.S.P.R. 397, 398-99 (1982). We find insufficient basis to restrict the appellant's constructive suspension claim to periods of only unpaid, unapproved absences. Nor do we believe his claim is limited to the absences that served as the basis of his proposed removal.

¶16    Indeed, the appellant has reconfirmed in this Board appeal that his constructive suspension claim encompasses not only the periods in which he was classified as AWOL, but the entire "six (6) months and seventeen (17) days" of nonduty status leading up to the removal, i.e., the entire period during which he was in nonduty status, beginning with the expiration of the telework agreement on May 14, 2018. RAF, Tab 7 at 4, 23, 28. He explained that, in addition to the periods of AWOL, he is seeking relief for the agency forcing him to use leave that he did not intend to use, beginning April 25, 2018. *Id*. at 8, 21-22, 26.

¶17    With those parameters in mind, we proceed first to the issue of whether the appellant made a nonfrivolous allegation of jurisdiction over a constructive suspension. To establish Board jurisdiction over a constructive suspension

appeal, an appellant must show that (1) he lacked any meaningful choice but to absent himself from work, and (2) it was the agency's wrongful actions that deprived him of that choice. *Bean*, 120 M.S.P.R. 397, ¶¶ 8, 13. The appellant must also meet the other requirements of chapter 75 jurisdiction which, as relevant here, are that he was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1), and his suspension was for more than 14 days. *Id.*, ¶ 8; *see* 5 U.S.C. § 7512(2).

¶18    In this case, it is undisputed that, during the time of the claimed constructive suspension, the appellant was an "employee" under 5 U.S.C. § 7511(a)(1)(A). IAF, Tab 1. It is also undisputed that the appellant was continuously absent from work from May 14, 2018, until his removal 6½ months later. RAF, Tab 14 at 279-93. We further find that the appellant has made a nonfrivolous allegation that he lacked a meaningful choice in this lengthy absence. Specifically, after the agency discontinued his ability to telework, the appellant was faced with the choice of being absent from work or returning to duty at the White Oak Campus, which he alleges would have violated his medical restrictions. IAF, Tab 1 at 37; *see Bean*, 120 M.S.P.R. 397, ¶¶ 13-14. We also find a nonfrivolous allegation that the appellant was deprived of his choice through a wrongful agency action because two different EEOC administrative judges found that the agency's refusal to allow the appellant to telework after May 14, 2018, was discriminatory and a violation of the Rehabilitation Act of 1973. IAF, Tab 1 at 27, 68-71, 76. For these reasons, we find that the appellant has made nonfrivolous allegations of Board jurisdiction over his constructive suspension appeal.

¶19    We now turn to the issue of whether the appellant's claim is moot. For the reasons explained in the initial decision, we agree with the administrative judge that the appellant has already received full relief for the period that he was carried in AWOL status, from June 5 to December 1, 2018, including status quo ante relief and compensatory damages arising from his claim of discrimination.

ID at 6-7, 9-10. We also find that, to the extent that the appellant did not receive status quo ante relief for the other AWOL dates of May 22, 23, and 25, 2018, he is precluded from litigating that issue before the Board. The EEOC, a tribunal of competent jurisdiction, has already rendered a final judgment on the merits, finding that the appellant was properly carried in AWOL status on those dates.[5] IAF, Tab 1 at 56-58; *see Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005) (setting forth the elements of res judicata). Finally, the administrative judge found the agency already restored all of the leave that the appellant took beginning May 21, 2018, to avoid AWOL. ID at 8. However, although the EEOC ordered the agency to award the appellant "back pay from the time beginning May 21, 2018," RAF, Tab 5 at 60, the agency's records appear to reflect that it did not restore the 10 hours of sick leave that the appellant took on May 24, 2018,[6] RAF, Tab 14 at 278-82. Nor is there any indication that the appellant has been compensated for the 40 hours of annual leave that he took at the beginning of the alleged constructive suspension period, between May 14 and 17, 2018. *Id*. at 278-79.

¶20    For these reasons, we find that the appeal is not moot. If the appellant were to prevail on the merits of his constructive suspension claim, the Board could provide him additional relief by ordering the agency to restore the 10 hours of sick leave and 40 hours of annual leave that the appellant took between May 14 and 24, 2018. *See Borden v. Department of Justice*, 59 M.S.P.R. 353, 357 (1993); *Clements v. Department of the Navy*, 21 M.S.P.R. 275, 277 & n.2 (1984). Because the appellant has otherwise made a nonfrivolous allegation of Board

---

[5] Regardless of what was required by the EEOC administrative judge's orders, the agency changed the appellant's status on May 22, 23, and 25, 2018, from AWOL to "excused absence," but it is not clear whether the agency afforded the appellant back pay and benefits for those dates. ID at 6 & n.4; RAF, Tab 14 at 279. In any event, we find that the matter is immaterial to the issues in this appeal.

[6] During the relevant time period, the appellant worked a compressed schedule of 10 hours per day, 4 days per week. RAF, Tab 9 at 168.

jurisdiction over his constructive suspension claim, he is entitled to the jurisdictional hearing that he requested. *See Moore v. U.S. Postal Service*, 117 M.S.P.R. 84, ¶¶ 11-14 (2011); *Holden v. U.S. Postal Service*, 78 M.S.P.R. 420, 423 (1998).

## ORDER

¶21    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.